UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5660 FMO (VBKx) | Date | September 18, 2014 |
|---|---|---|---|
| Title | Roger Archambault, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Improper Joinder

On July 21, 2014, Roger Archambault and 59 other named plaintiffs (collectively "plaintiffs") filed a Complaint against the City of Los Angeles ("defendant") and Does 1 through 10, for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (See Complaint at 2-3 & ¶ 22-29).

Federal Rules of Civil Procedure Rule 20(a) provides that individuals "may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Although Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes," League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir.1977), the Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of occurrences" to require a degree of factual commonality underlying the claims. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997); see also League to Save Lake Tahoe, 558 F.2d at 917 ("(1) a right to relief must be asserted . . . against . . . each . . . defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action.").

On July 21, 2014, plaintiffs submitted a Notice of Related Cases stating that the above captioned case relates to other cases pending in this district. (See Notice of Related Cases at 1). Plaintiffs claimed that this case "aris[es] from the same or closely related transactions or events, calling for the determination of the same or substantially related issues of law and fact[.]" (Id.). In declining to accept transfer of this case, the court in Case No. 04-8592 GAF (AJWx) noted that the court had "recently de-certified the class because of the substantial variation in the off-the-clock claims for each plaintiff[,]" and found that "counsel's assertion that the cases 'arise from the same or closely related transactions, happenings or events' is inaccurate." (Court's Order of July 29, at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5660 FMO (VBKx) | Date | September 18, 2014 |
|---|---|---|---|
| Title | Roger Archambault, et al. v. City of Los Angeles, et al. | | |

Accordingly, IT IS ORDERED that:

1. No later than **September 26, 2014**, plaintiffs shall show cause why plaintiffs should not be severed so that each plaintiff's claims can proceed as a separate suit and/or dismissed from this action based on improper joinder of parties. In particular, **plaintiffs shall attempt to show such cause in writing by filing a Response to Order to Show Cause** ("Response") that addresses the following issues:  (1) whether the requirements for permissive joinder of each plaintiff have been met under Rule 20 of the Federal Rules of Civil Procedure and (2) "whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000), cert. denied, 533 U.S. 950, 121 S.Ct. 2592 (2001) (citation omitted).  **Failure to respond to the OSC by the deadline set forth above shall be deemed as consent for the court to sever or dismiss each plaintiff it deems improperly joined.**

2. Defendant City of Los Angeles shall file a Reply to plaintiff's Response ("Reply") no later than **October 6, 2014**.  **The Reply shall not exceed twenty (20) pages in length.**

3. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**.  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5.  Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |